IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KELLI MORRISON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTIN J. O'MALLEY, ) <br> **Commissioner of Social Security,** ) <br> ) <br> Defendant. ) | Case No. 22-cv-00600-MDH |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED**.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. The ALJ found Plaintiff suffered from severe impairments of obesity and migraine headaches. After finding Plaintiff's impairments did not meet or equal a listed impairment, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"):

> to perform light work… except as follows. She can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for 6 hours of an 8-hour workday and she can sit for 6 hours of an 8-hour workday. She can frequently balance and climb ramps and stairs. She can occasionally stoop, kneel, crouch, or crawl. She can never work at unprotected heights or around moving mechanical parts. She must avoid concentrated exposure to dust, odors, fumes, or pulmonary irritants. She must avoid concentrated exposure to extreme cold, extreme heat, and vibration. She must avoid concentrated exposure to noise. She is

1

able to work in moderate noise, such as found in a typical office setting.

The ALJ found Plaintiff could perform her past relevant work. Plaintiff argues on appeal that the ALJ failed to properly evaluate Plaintiff's reported headaches and RFC as required under SSR 16-3.

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id.* at 1154. "It means— and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after

2

review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

## DISCUSSION

After full and careful review of the record and briefs, the Court finds the ALJ's findings are supported by substantial evidence in the record as a whole.

First, the Court has thoroughly reviewed the administrative record before the Court, including the medical records, hearing testimony, and the ALJ's opinion. The Court finds that the ALJ's determination is supported by substantial evidence in the record as a whole and was within the available "zone of choice." The ALJ provided a lengthy analysis and properly addressed Plaintiff's physical limitations, in light of the medical records, work history, daily activities, and hearing testimony. The Court gives great deference to the ALJ's determination as it falls within an acceptable "zone of choice" of the finder of fact.

Further, the Court finds the ALJ applied the appropriate legal framework in analyzing the record and evidence. The ALJ considered all the medical opinions based on the applicable regulations. The ALJ's decision set forth his consideration of all the medical opinions, including any inconsistencies in the record and in Plaintiff's testimony. The ALJ evaluated the objective findings, documents symptoms and response to treatments with regard to Plaintiff's migraine headaches. The ALJ further articulated how he considered Plaintiff's past work, daily activities,

3

treatment, how treatment appeared to control the migraine headaches, and other factors in his determination. As Defendant notes, whether the ALJ could have provided additional limitations is outside the scope of the Court's role. Here, the Court finds the ALJ's determination is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence on the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: March 18, 2024                        */s/ Douglas Harpool*
                                                    **DOUGLAS HARPOOL**
                                                    **UNITED STATES DISTRICT JUDGE**